EXHIBIT A

[name]
[address]
[city, state, zip]

---

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

# If you were employed by Eleven Madison Park, The Modern, Tabla, Gramercy Tavern, Union Square Cafe, Maialino, Blue Smoke, Blue Smoke Catering, or Hudson Yards Catering as a server, food runner, busser, bartender, barback, maitre d', host, expeditor, polisher, backwaiter, server assistant, wait-staffer, captain, baristas, or front server at any time between August 16, 2004 to June 23, 2011, you could receive a payment from a class action settlement.

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

Several former employees have sued Union Square Hospitality Group, LLC, USHG, LLC, USHG Nominee, LLC, Union Square Events, LLC, Art Food LLC d/b/a The Modern, Cafe 2 and Terrace 5, Union Square Cafe Corp. d/b/a Union Square Cafe, Gramercy Tavern Corp. d/b/a Gramercy Tavern, Tabla, LLC d/b/a Tabla, Blue Smoke, LLC, d/b/a Blue Smoke, Blue Smoke Enterprises LLC, Blue Smoke Catering LLC d/b/a Blue Smoke Catering, 450ST ST d/b/a Jazz Standard, Food 2 Lex LLC d/b/a Maialino, Hudson Yards Catering LLC, Hudson Yards Enterprises LLC, Hudson Yards Sports & Entertainment LLC and Hudson Yards Services, LLC

QUESTIONS?
CONTACT:
ROBERT D. LIPMAN, DAVID A. ROBINS OR LIZBETH SCHALET AT LIPMAN & PLESUR LLP
(516) 931-0050, attorneys@lipmanplesur.com

or

SIMPLURIS AT (800) 779-2104

NY1 531242v2 08/11/11

(collectively "Defendants") claiming that they violated the federal Fair Labor Standards Act and the New York Labor Law at seven of their New York City restaurants, Eleven Madison Park, The Modern, Tabla, Blue Smoke, Gramercy Tavern, Maialino, and Union Square Cafe and at two of their New York City catering establishments Hudson Yards Catering and and Blue Smoke Catering. The employees sought recovery of, among other things, unpaid overtime wages, unpaid wages, unpaid spread-of-hours pay, and misappropriated tips and service charges.

- The employees who filed the suit and Defendants have settled. Defendants have agreed to deposit $2,250,000 into a fund that will be used to pay current and former employees who qualify, less costs and attorney fees for Plaintiffs' counsel. Defendants deny any wrongdoing, but have decided to settle the case.

- The Court has not decided who is right and who is wrong. Your legal rights may be affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **DO NOTHING** | Remain part of the case and receive a payment amount identified herein. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Defendants about the legal claims in this case. |
| **OBJECT** | Write to the Court in a timely manner stating why you object to the settlement. |

- These rights and options – **and the deadlines to exercise them** – are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

QUESTIONS?
CONTACT:
ROBERT D. LIPMAN, DAVID A. ROBINS OR LIZABETH SCHALET AT LIPMAN & PLESUR LLP
(516) 931-0050, attorneys@lipmanplesur.com

or

SIMPLURIS AT (800) 779-2104

NY1 531242v2 08/11/11

# BASIC INFORMATION

### 1. Why did I get this notice?

Defendants' records show that you work or worked at least 170 hours for Eleven Madison Park, The Modern, Tabla, Gramercy Tavern, Union Square Cafe, Maialino, Blue Smoke, Blue Smoke Catering, or Hudson Yards Catering as a server, food runner, busser, bartender, barback, maitre d', host, expeditor, polisher, backwaiter, server assistant, wait-staffer, captain, baristas, or front server between August 16, 2004 to June 23, 2011.

The Court directed that you be sent this notice because you have a right to know about a proposed settlement of a class and collective action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves the settlement and after objections and appeals are allowed, payments will be mailed to class members who do not exclude themselves (as explained below).

The Court overseeing this case is the United States District Court for the Southern District of New York. The lawsuit is known as *Ahmed, et al. v. Union Square Hospitality Group, LLC*, Case No. 10 Civ. 6075. The people who filed the lawsuit are called "Plaintiffs." The "Defendants" are Union Square Hospitality Group, LLC, USHG, LLC, USHG Nominee, LLC, Union Square Events, LLC, Art Food LLC d/b/a The Modern, Café 2 and Terrace 5, Union Square Café Corp. d/b/a Union Square Cafe, Gramercy Tavern Corp. d/b/a Gramercy Tavern, Tabla, LLC d/b/a Tabla, Blue Smoke, LLC, d/b/a Blue Smoke, Blue Smoke Enterprises LLC, Blue Smoke Catering LLC d/b/a Blue Smoke Catering, 450ST ST d/b/a Jazz Standard, Food 2 Lex LLC d/b/a Maialino, Hudson Yards Catering LLC, Hudson Yards Enterprises LLC, Hudson Yards Sports & Entertainment LLC and Hudson Yards Services, LLC.

### 2. What is this lawsuit about?

The Plaintiffs alleged that the Defendants misappropriated tips and "service charges" that Defendants charged their customers who held private events at or held private events catered by Eleven Madison Park, The Modern, Tabla, Gramercy Tavern, Union Square Cafe, Maialino, Blue Smoke, Blue Smoke Catering, and Hudson Yards Catering, improperly took a tip credit, failed to pay Plaintiffs for all of the hours that they worked, failed to properly pay overtime for the hours that they worked over 40 in a workweek, and failed to pay spread-of-hours pay to employees who worked more than 10 hours in a day.

Defendants deny that they did anything wrong.

### 3. Why is this a class action?

In a class action, one or more people called Class Representatives sue on behalf of people who have the same or similar claims. The people with the same or similar claims are called Class

QUESTIONS?
CONTACT:
ROBERT D. LIPMAN, DAVID A. ROBINS OR LIZABETH SCHALET AT LIPMAN & PLESUR LLP
(516) 931-0050, attorneys@lipmanplesur.com

or

SIMPLURIS AT (800) 779-2104

NY1 531242v2 08/11/11

Members. One court resolves the issues for all Class Members, except those who exclude themselves from the Class, as explained below. The Honorable Deborah A. Batts, United States District Judge for the United States District Court for the Southern District of New York, is overseeing this class action.

### 4. Why is there a settlement?

***The Court did not decide in favor of Plaintiffs or Defendants.*** Both sides believe they would have prevailed at trial, but there was no trial. Instead, both sides agreed to a settlement. That way they avoid the cost of a trial, and the people affected will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

### 5. How do I know if I am part of the settlement?

You are automatically a member of the Class if you worked at Eleven Madison Park, The Modern, Tabla, Gramercy Tavern, Union Square Cafe, Maialino, Blue Smoke, Blue Smoke Catering, and Hudson Yards Catering as a server, food runner, busser, bartender, barback, maitre d', host, expeditor, polisher, backwaiter, server assistant, wait-staffer, captain, baristas, or front server for at least 170 hours between August 16, 2004 to June 23, 2011. Defendants' records indicate that you are part of the Class.

### 6. I'm still not sure if I am included.

If you are still not sure whether you are included, you can call Class Counsel, Lipman & Plesur LLP or Simpluris, at the phone number(s) or address(es) listed below.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 7. What does the settlement provide?

Defendants have agreed to create a $2,250,000 fund to be divided among Class Members based on the number of hours they worked for Defendants and the establishment(s) at which they worked. The fund will also be used to pay Class Counsel, administration fees, service payments to Class Representatives, payroll taxes, and costs associated with the lawsuit.

QUESTIONS?
CONTACT:
ROBERT D. LIPMAN, DAVID A. ROBINS OR LIZABETH SCHALET AT LIPMAN & PLESUR LLP
(516) 931-0050, attorneys@lipmanplesur.com

or

SIMPLURIS AT (800) 779-2104

# HOW YOU GET A PAYMENT

### 8. How can I get my payment?

You do not need to do anything to receive a settlement payment. If you choose to exclude yourself (as explained in below), then you will not receive a payment.

### 9. When will I get my payment?

The Court will hold a fairness hearing on _____, at _____ to decide whether to approve the settlement. If the Court approves the settlement, then your payment will be mailed to you within 51 days of the Court's approval order unless there is an appeal.

### 10. What am I giving up by staying in the Class?

Unless you exclude yourself (as explained in below), you will remain in the Class. That means that you cannot sue, continue to sue, or be party of any other lawsuit against Defendants about the legal issues in this case. It also means that all of the Court's orders will apply to you and legally bind you.

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must exclude yourself from the Class. The process of excluding yourself is also sometimes referred to as "opting out" of the Class.

### 11. How do I opt out of the settlement?

To exclude yourself from the settlement, you must send a letter by U.S. mail saying that you want to be excluded from *Ahmed, et al. v. Union Square Hospitality Group, LLC*, Case No. 10 Civ. 6075. Be sure to include your name, address, telephone number, and your signature. Your exclusion request must be postmarked no later than _____ and must be mailed to:

Simpluris, Inc.
P.O. Box 679560
Orlando, FL 32867-9560

If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue (or continue to sue) Defendants in the future. If you wish to exclude yourself

QUESTIONS?
CONTACT:
ROBERT D. LIPMAN, DAVID A. ROBINS OR LIZABETH SCHALET AT LIPMAN & PLESUR LLP
(516) 931-0050, attorneys@lipmanplesur.com

or

SIMPLURIS AT (800) 779-2104

in order to file an individual lawsuit against Defendants, you should speak to a lawyer as soon as possible because your claims are subject to a statute of limitations.

### 12. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any rights to sue Defendants for the same claims in this case. If you have a pending lawsuit, speak to your lawyer in that case immediately to see if this settlement will affect your other case. Remember, the exclusion deadline is _____.

### 13. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, you will not receive any money from this lawsuit. But, you may sue, continue to sue, or be part of a different lawsuit against Defendants regarding these same claims.

## THE LAWYERS REPRESENTING THE CLASS

### 14. Do I have a lawyer in this case?

The Court decided that the lawyers at the law firm of Lipman & Plesur LLP are qualified to represent the Class. These lawyers have been designated as "Class Counsel" in this lawsuit. They are experienced in handling similar cases against other employers. More information about Lipman & Plesur LLP, their practice, and their lawyers' experience is available at www.LipmanPlesur.com. You may contact them at 516-931-0050 and attorneys@lipmanplesur.com.

### 15. How will the lawyers be paid?

Class Counsel will ask the Court to award one-third of the settlement fund established by Defendants to them for attorneys' fees. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also ask the Court to approve payment of up to $20,000 for their out of pocket costs. In addition, Class Counsel will ask the Court to approve payments to each of the Class Representatives for their service to the Class in the amount of $12,000 to Zuber Ahmed, Nurul Houqe, Mohammed B. Uddin, Saleh Uddin, Bennett Larsen, and Leslie Newsam.

QUESTIONS?
CONTACT:
ROBERT D. LIPMAN, DAVID A. ROBINS OR LIZABETH SCHALET AT LIPMAN & PLESUR LLP
(516) 931-0050, attorneys@lipmanplesur.com

or

SIMPLURIS AT (800) 779-2104

# OBJECTING TO THE SETTLEMENT

### 16. How do I object to the settlement?

You may object to the settlement by sending a letter via U.S. Mail saying that you object to *Ahmed, et al. v. Union Square Hospitality Group, LLC*, Case No. 10 Civ. 6075. If you object, in your letter, be sure to include your name, address, telephone number, your signature, and the reasons why you object to the settlement. If you send an objection, you do not have to come to Fairness Hearing, which is described below. As long as you timely mailed your written objection on time, the Court will consider it. However, if you or someone on your behalf intends to appear at the Fairness Hearing, your letter must state this information.

Mail the objection via U.S. Mail to:

> Simpluris, Inc.
> P.O. Box 679560
> Orlando, FL 32867-9560

Your letter must be postmarked no later than _____.

**Please do not contact the Court directly for any reason.**

### 17. What's the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a fairness hearing to decide whether to approve the settlement. You may attend, but you don't have to.

### 18. When and where will the Court decide whether to approve the settlement?

The Court is scheduled to hold a fairness hearing at _____. on _____, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, in Courtroom 24B.

QUESTIONS?
CONTACT:
ROBERT D. LIPMAN, DAVID A. ROBINS OR LIZBETH SCHALET AT LIPMAN & PLESUR LLP
(516) 931-0050, attorneys@lipmanplesur.com

or

SIMPLURIS AT (800) 779-2104

NY1 531242v2 08/11/11

At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. We do not know how long the Court's decision will take.

### 19. Do I have to come to the hearing?

No. Class Counsel will represent the Class at the hearing. You are welcome to come at your own expense.

### 20. May I speak at the hearing?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating, "Notice of Intention to Appear in *Ahmed, et al. v. Union Square Hospitality Group, LLC*, Case No. 10 Civ. 6075." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than _____ and be sent to the Settlement Administrator at the address in Paragraph 16. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

### 21. Are there more details about the settlement?

You can obtain more information about the settlement or obtain a copy of the settlement agreement by contacting Class Counsel or Simpluris at the address and/or telephone numbers below.

DATED: _____, 2011

QUESTIONS?
CONTACT:
ROBERT D. LIPMAN, DAVID A. ROBINS OR LIZABETH SCHALET AT LIPMAN & PLESUR LLP
(516) 931-0050, attorneys@lipmanplesur.com
or
SIMPLURIS AT (800) 779-2104

NY1 531242v2 08/11/11