EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------
ZUBER AHMED, NURUL HOUQE, MOHAMMED B.
UDDIN, SALEH UDDIN, BENNETT LARSEN and
LESLIE NEWSAM, Individually, On Behalf of All Others
Similarly Situated and as Class Representatives,

                              Plaintiffs,

           -against-

UNION SQUARE HOSPITALITY GROUP, LLC,
USHG, LLC, USHG NOMINEE, LLC, UNION SQUARE
EVENTS, LLC, ELEVEN MADISON PARK, LLC
DOING BUSINESS AS ELEVEN MADISON PARK,
ART FOOD LLC DOING BUSINESS AS THE
MODERN, CAFÉ 2 and TERRACE 5, UNION SQUARE
CAFÉ CORP. DOING BUSINESS AS UNION SQUARE
CAFE, GRAMERCY TAVERN CORP. DOING
BUSINESS AS GRAMERCY TAVERN, TABLA, LLC
DOING BUSINESS AS TABLA, BLUE SMOKE, LLC,
DOING BUSINESS AS BLUE SMOKE, BLUE SMOKE
ENTERPRISES LLC, BLUE SMOKE CATERING LLC
DOING BUSINESS AS BLUE SMOKE CATERING,
450ST ST DOING BUSINESS AS JAZZ STANDARD,
FOOD 2 LEX LLC DOING BUSINESS AS MAIALINO,
HUDSON YARDS CATERING LLC, HUDSON YARDS
ENTERPRISES LLC, HUDSON YARDS SPORTS &
ENTERTAINMENT LLC and HUDSON YARDS
SERVICES, LLC,

                              Defendants.
------------------------------------------------------------------X

10-cv-06075 (DAB) (RLE)

ECF CASE

# [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The above-entitled matter came before the Court on Plaintiffs' Motion for Preliminary Approval of Settlement

## I.  Preliminary Approval of Settlement

1. Based upon the Court's review of the Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Settlement, the Declaration of Robert D. Lipman dated August 17, 2011 ("Lipman Declaration"), and all other papers submitted in connection with Plaintiffs' Motion for Preliminary Approval, the Court grants preliminary approval of the class action settlement memorialized in the Joint Stipulation of Class Settlement and Release (the "Agreement"), attached to the Lipman Declaration as Exhibit A.

2. The Court concludes that the proposed Settlement Agreement is within the range of possible settlement approval, such that notice to the Class is appropriate. *See In re Traffic Exec. Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980); *Danieli v. IBM*, No. 08 Civ. 3688, 2009 U.S. Dist. LEXIS 106938, at *1243 (S.D.N.Y. Nov. 16, 2009) (granting preliminary approval where settlement "has no obvious defects" and proposed allocation plan is "rationally related to the relative strengths and weaknesses of the respective claims asserted").

3. The Court finds that the Settlement Agreement is the result of extensive, arm's length negotiations by counsel well-versed in the prosecution of wage and hour class and collective actions.

4. The assistance of an experienced mediator, Bonnie Siber Weinstock, reinforces that the Settlement Agreement is fair, reasonable, and the result of arms-length negotiation.

## II. Conditional Certification of the Proposed Rule 23 Settlement Class

5. The Court provisionally certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"):

> All persons who are or were employed by Defendants for 170 hours or more during the Covered Period as a front of house, non-managerial employee, including but not limited to the following classifications of employees at Defendants' New York City establishments known as Eleven Madison Park, The Modern, Tabla, Blue Smoke, Gramercy Tavern, Maialino, Union Square Café and Hudson Yards Catering: (1) servers, (2) food runners, (3) bussers, (4) bartenders, (5) barbacks, (6) maitre d's, (7) hosts, (8) expeditors, (9) polishers, (10) backwaiters, (11) server assistants, (12) wait-staff, (13) captains, (14) baristas, and (15) front servers between August 16, 2004 to June 23, 2011.

6. Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

7. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are approximately 2,254 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

8. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Defendants allegedly required Plaintiffs to share their tips with ineligible employees, allegedly misappropriated "service charges" that customers believed were meant for Plaintiffs, and allegedly failed to pay Plaintiffs spread-of-hours pay. *See deMunecas v. Bold Food, LLC*, No. 09 Civ. 00440, 2010 U.S. Dist. LEXIS 38229 (S.D.N.Y. Apr. 19, 2010) (citing *Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811, 2009 U.S. Dist. LEXIS 88163, at *3-4 (S.D.N.Y. Sept. 22, 2009)); *O'Dell v. AMF Bowling Ctrs., Inc.*, No. 09 Civ. 759, 2009 U.S. Dist. LEXIS 85954, at *3-4 (S.D.N.Y. Sept. 18, 2009); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494, 2009 U.S. Dist. LEXIS 45277, at *6 (S.D.N.Y.

May 28, 2009); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, No. 06 Civ. 4270, 2009 U.S. Dist. LEXIS 27899, at *10-11 (S.D.N.Y. Mar. 31, 2009).

9. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims. *See deMunecas*, 2010 U.S. Dist. LEXIS 38229, *Asia Five Eight LLC*, 2009 U.S. Dist. LEXIS 88163, at *4; *AMF Bowling Ctrs., Inc.*, 2009 U.S. Dist. LEXIS 85954, at *4-5; *Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *6; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *10-11.

10. Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with class members, *see Castagna v. Madison Square Garden, L.P.*, No. 09 Civ. 10211, 2011 U.S. Dist. LEXIS 24885 (S.D.N.Y. Feb. 8, 2011); *Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237, 2007 U.S. Dist. LEXIS 74056, at *1849 (S.D.N.Y. Sept. 28, 2007), and because Plaintiffs' counsel have a record of competent and successful prosecution of wage and hour class actions. *See* paragraph "5" of the Lipman Declaration.

11. Plaintiffs also satisfy Rule 23(b)(3). Common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Castagna*, 2011 U.S. Dist. LEXIS 24885; *Diaz, supra*, 2010 U.S. Dist. LEXIS 74333, 2010 WL 2945556, at *2; *Asia Five Eight LLC*, 2009 U.S. Dist. LEXIS 88163, at *4-5; *AMF Bowling Ctrs., Inc.*, 2009 U.S. Dist. LEXIS 85954, at *5; *Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277, at *7-8; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *12. Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 161, 164 (S.D.N.Y. 2008).

### III. Preliminary Approval of the FLSA Settlement

11. The Court hereby preliminarily approves the FLSA settlement. The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement. *deMunecas v. Bold Food, LLC*, No. 09 Civ. 00440, 2010 U.S. Dist. LEXIS 87644, (S.D.N.Y. August 23, 2010). Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes. 2010 U.S. Dist. LEXIS 87644 *7 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1353-54). "If the proposed settlement reflects a reasonable compromise over contested issues," the settlement should be approved. *Id.* at 28. The FLSA settlement meets the standard for approval. The settlement was the result of contested litigation and arm's length negotiation.

### IV. Appointment of Plaintiffs' Counsel as Class Counsel

12. The Court appoints Robert D. Lipman, Esq., Lizabeth Schalet, Esq., David A. Robins, Esq. and the law firm Lipman & Plesur, LLP as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See Damassia*, 250 F.R.D. at 165 (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

13. Lipman & Plesur, LLP did substantial work identifying, investigating, and settling Plaintiffs' and the class members' claims.

14. Lipman & Plesur, LLP lawyers have substantial experience prosecuting and settling employment class actions, including wage and hour class actions, and are well-versed in wage and hour law and in class action law. Courts have repeatedly found Lipman & Plesur, LLP to be adequate class counsel in wage-hour class actions as set forth in paragraph "5" of the Lipman Declaration.

15. The work that Lipman & Plesur, LLP has performed both in litigating and settling this case demonstrates their commitment to the class and to representing the class's interests.

### IV. Appointment of Plaintiffs' as Class Representatives

16. The Court preliminarily approves Zuber Ahmed, Nurul Houqe, Mohammed B. Uddin, Saleh Uddin, Bennett Larsen and Leslie Newsam as Class Representatives.

### VI. Class Notice

17. The Court approves the Proposed Class Notice ("Notice"), which is attached as Exhibit A to Plaintiffs' Motion for Preliminary Approval, and directs its distribution to the Class.

18. The content of the Notice fully complies with due process and Fed. R. Civ. P. 23.

19. Pursuant to Fed. R. Civ. P. 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a

class judgment on class members under Rule 23(c)(3).Fed. R. Civ. P. 23(c)(2)(B).

20. The Notice satisfies each of these requirements and adequately puts class members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally").

21. The Notice describes the terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final Fairness Hearing.

## VI. Class Action Settlement Procedure

22. The Court hereby sets the following settlement procedure:

   a. Within 21 days of the retention of a Settlement Administrator, Defendants shall provide the Settlement Administrator with a list, in electronic form, of the names, last known addresses, telephone numbers, dates of employment, and social security numbers of all class members (the "Class List");

   b. The Settlement Administrator shall mail the Notice to Class Members within 30 days of the date of this Order;

   c. Class Members will have 45 days from the date the Notice is mailed to opt out of the settlement;

   d. Class Members will have 30 days from the date of the Notice to object to the settlement;

   e. The Parties will file a Joint Application or Motion for Final Approval of Settlement within 15 days before the Fairness Hearing;

   f. The Court will hold a final fairness hearing on _____ at _____ a.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 24B;

   g. The Fairness Hearing may be continued, adjourned or rescheduled without further notice to Class Members;

    h.    If the Court grants Plaintiffs' Motion for Final Approval of the Settlement, the Court will issue a Final Order and Judgment. If no party appeals the Court's Final Order and Judgment, the "Effective Date" of the settlement will be 30 days after the Court enters its Final Order and Judgment;

    i.    If a party appeals the Court's Final Order and Judgment, the Effective Date of Settlement shall be the day all appeals are finally resolved;

    j.    The Settlement Administrator will distribute monies from the Gross Settlement Fund pursuant to the Agreement within 21 days after the Effective Date;

    k.    The parties shall abide by all other terms of the Agreement.

It is so ORDERED this _____ day of _____, 2011.

_____
Honorable Deborah A. Batts, U.S.D.J.