UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------------

ZUBER AHMED, NURUL HOUQE, MOHAMMED B.
UDDIN, SALEH UDDIN, BENNETT LARSEN and
LESLIE NEWSAM, Individually, On Behalf of All Others
Similarly Situated and as Class Representatives,

                                                    Plaintiffs,

            -against-

UNION SQUARE HOSPITALITY GROUP, LLC,
USHG, LLC, USHG NOMINEE, LLC, UNION SQUARE
EVENTS, LLC, ELEVEN MADISON PARK, LLC
DOING BUSINESS AS ELEVEN MADISON PARK,
ART FOOD LLC DOING BUSINESS AS THE
MODERN, CAFÉ 2 and TERRACE 5, UNION SQUARE
CAFÉ CORP. DOING BUSINESS AS UNION SQUARE
CAFE, GRAMERCY TAVERN CORP. DOING
BUSINESS AS GRAMERCY TAVERN, TABLA, LLC
DOING BUSINESS AS TABLA, BLUE SMOKE, LLC,
DOING BUSINESS AS BLUE SMOKE, BLUE SMOKE
ENTERPRISES LLC, BLUE SMOKE CATERING LLC
DOING BUSINESS AS BLUE SMOKE CATERING,
450ST ST DOING BUSINESS AS JAZZ STANDARD,
FOOD 2 LEX LLC DOING BUSINESS AS MAIALINO,
HUDSON YARDS CATERING LLC, HUDSON YARDS
ENTERPRISES LLC, HUDSON YARDS SPORTS &
ENTERTAINMENT LLC and HUDSON YARDS
SERVICES, LLC,

                                                    Defendants.

------------------------------------------------------------------X

10-cv-06075 (DAB) (RLE)

[PROPOSED] ORDER (1)
CONFIRMING
CERTIFICATION OF
CLASS AND
COLLECTIVE ACTION,
(2) GRANTING FINAL
APPROVAL OF CLASS
ACTION SETTLEMENT,
AND (3) ENTERING
FINAL JUDGMENT

On August 12, 2010, Plaintiffs Zuber Ahmed, Nurul Houqe, Mohammed B. Uddin, and Saleh Uddin commenced this action against Eleven Madison Park, LLC as a putative class action under Federal Rule of Civil Procedure 23 and as a collective action under 29 U.S.C. § 216(b), bringing claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Declaration of Robert D. Lipman in Support of Plaintiffs' Motion for Final Approval of Class Action Settlement ("Lipman Decl.") ¶ 4.) On October 13, 2010, Plaintiffs amended their Complaint, adding Bennett Larsen and Leslie Newsam as Plaintiffs and Union Square Hospitality Group, LLC, USHG, LLC, USHG Nominee, LLC, Union Square Events, LLC, Art Food LLC d/b/a The Modern, Café 2 and Terrace 5, Union Square Café Corp. d/b/a Union Square Cafe, Gramercy Tavern Corp. d/b/a Gramercy Tavern, Tabla, LLC d/b/a Tabla, Blue Smoke, LLC, d/b/a Blue Smoke, Blue Smoke Enterprises LLC, Blue Smoke Catering LLC d/b/a Blue Smoke Catering, 450ST ST d/b/a Jazz Standard, Food 2 Lex LLC d/b/a Maialino, Hudson Yards Catering LLC, Hudson Yards Enterprises LLC, Hudson Yards Sports & Entertainment LLC and Hudson Yards Services, LLC as Defendants. (*Id.* ¶ 5.)

On December 15, 2011, upon Plaintiffs' Motion, the Court entered an Order preliminarily approving the settlement; conditionally certifying the settlement class, appointing Lipman & Plesur, LLP as Class Counsel; and authorizing the dissemination of the Notice to Class Members ("Notice"). (Docket No. 22). The Class consists of current and former servers, food runners, bussers, bartenders, barbacks, maitre d's, hosts, expeditors, polishers, backwaiters, server assistants, wait staff, captains, baristas and front servers who work or worked at seven of Defendants' New York City restaurants — Eleven Madison Park, The Modern, Tabla, Blue Smoke, Gramercy Tavern, Maialino, and Union Square Café and/or at Defendants' two New York City catering establishments Hudson Yards Catering and Blue Smoke Catering between

2

August 16, 2004 and June 23, 2011.

On February 28, 2012, the Court held a Fairness Hearing to consider the final certification of the Settlement Class, as well as the substantive and procedural fairness of the terms of the Settlement on the Plaintiffs' unopposed Motion for Final Approval of Class Action Settlement. No Class Member objected to the settlement, and 5 Class Members requested exclusion.

Having considered the Motion for Final Approval, the supporting declarations, the oral argument at the Fairness Hearing and the complete record in this matter and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

## I.    Certification of the Settlement Class

1.    The Court certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes ("Settlement Class"):

> All persons who are or were employed by Defendants for 170 hours or more between August 16, 2004 and June 23, 2011as a front of house, non-managerial employee, including but not limited to the following classifications of employees at Defendants' New York City establishments known as Eleven Madison Park, The Modern, Tabla, Blue Smoke, Gramercy Tavern, Maialino, Union Square Café and Hudson Yards Catering: (1) servers, (2) food runners, (3) bussers, (4) bartenders, (5) barbacks, (6) maitre d's, (7) hosts, (8) expeditors, (9) polishers, (10) backwaiters, (11) server assistants, (12) wait-staff, (13) captains, (14) baristas, and (15) front servers.

2.    Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

3.    Plaintiffs satisfy Fed. R. Civ. P. 23(a)(1) because there are approximately 2,209 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde*

3

*Park*, 47 F.3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members.")

4.      Plaintiffs satisfy Fed. R. Civ. P. 23(a)(2) because Plaintiffs and the class members share common issues of fact and law, including whether Defendants allegedly required Plaintiffs to share their tips with ineligible employees, allegedly misappropriated "service charges" that customers believed were meant for Plaintiffs, and allegedly failed to pay Plaintiffs spread-of-hours pay. *See deMunecas v. Bold Food, LLC*, No. 09 Civ. 00440 (DAB), 2010 U.S. Dist. LEXIS 87644, at *5 (S.D.N.Y. August 23, 2010)(citing *Prasker v. Asia Five Eight LLC*, No. 08 Civ. 5811 (MGC), 2010 U.S. Dist. LEXIS 1445, at *3-4 (S.D.N.Y. January 6, 2010); *Reyes v. Buddha-Bar NYC*, No. 08 Civ. 2494 (DF), 2009 U.S. Dist. LEXIS 45277, at *6 (S.D.N.Y. May 28, 2009); *Mohney v. Shelly's Prime Steak Stone Crab & Oyster Bar*, No. 06 Civ. 4270 (PAC), 2009 U.S. Dist. LEXIS 27899, at *10-11 (S.D.N.Y. Mar. 31, 2009).

5.      Plaintiffs satisfy the typicality requirement of Fed. R. Civ. P. 23(a)(3) because Plaintiffs' claims arise from the same factual and legal circumstances that form the bases of the class members' claims. *See deMunecas*, 2010 U.S. Dist. LEXIS 87644, at *6; *Prasker*, 2010 U.S. Dist. LEXIS 1445, at *5; *Reyes*, 2009 U.S. Dist. LEXIS 45277, at *6; *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *10-11.

6.      Plaintiffs satisfy Fed. R. Civ. P. 23(a)(4) because Plaintiffs' interests are not antagonistic or at odds with class members, *see Castagna v. Madison Square Garden, L.P.*, No. 09 Civ. 10211 (LTS), 2011 U.S. Dist. LEXIS 64218 (S.D.N.Y. June 7, 2011), at *10; *Toure v. Cent. Parking Sys.*, No. 05 Civ. 5237 (WHP), 2007 U.S. Dist. LEXIS 74056, at *18-19 (S.D.N.Y. Sept. 28, 2007), and because Plaintiffs' counsel have a record of competent and successful prosecution of wage and hour class actions. *See* paragraph "37" of the Lipman Declaration.

7.      Plaintiffs also satisfy Rule 23(b)(3).  Common factual allegations and a common

legal theory predominate over any factual or legal variations among class members.  *See*

*Castagna*, 2011 U.S. Dist. LEXIS 64218; *Diaz v. Eastern Locating Service*, 10 Civ. 04082

(JCF), 2010 U.S. Dist. LEXIS 139136, at *7-8 (S.D.N.Y. November 29, 2010); *Prasker*, 2010

U.S. Dist. LEXIS 1445, at *6-7; *Reyes*, 2009 U.S. Dist. LEXIS 45277, at *7-8; *Mohney*, 2009

U.S. Dist. LEXIS 27899, at *12.  Class adjudication of this case is superior to individual

adjudication because it will conserve judicial resources and is more efficient for class members,

particularly those who lack the resources to bring their claims individually.

**II.      Approval of the Settlement Agreement**

8.      The Court finally approves the settlement as set forth in the Settlement Agreement

and this Order pursuant to Federal Rule of Civil Procedure 23 and hereby grants the Motion for

Final Approval.

9.      A court must ensure procedural and substantive fairness for class action

settlement approval according to Fed. R. Civ. P. 23(e).  Procedural fairness is determined by

examining the negotiating process leading to settlement.  *Wal-Mart Stores, Inc. v. Visa U.S.A.*

*Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir.

2001).  All issues of fairness are examined in light of the "strong judicial policy in favor of

settlement" of class action suits.  *Wal-Mart Stores*, 396 F.3d at 116 (internal citation omitted).

10.     A "presumption of fairness, adequacy and reasonableness may attach to a class

settlement reached in arm's-length negotiations between experienced, capable counsel after

meaningful discovery."  *Wal-Mart Stores*, 396 F.3d at 116 (quoting *Manual for Complex*

*Litigation, Third*, § 30.42 (1995)).  "Absent fraud or collusion, [courts] should be hesitant to

substitute [their] judgment for that of the parties who negotiated the settlement."  *In re EVCI*

*Career Colleges Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 U.S. Dist. LEXIS

57918, at *12 (S.D.N.Y. July 27, 2007). *See also In re Top Tankers, Inc. Sec. Litig.*, No. 06 Civ.

13761 (CM), 2008 U.S. Dist. LEXIS 58106, at *11 (S.D.N.Y. July 31, 2008); *Fed. Judicial Ctr.,*

*Manual for Complex Litig.* § 30.42 at 240 (3d. ed. 1997)("In evaluating the settlement, the Court

should keep in mind the unique ability of class and defense counsel to assess the potential risks

and rewards of litigation.").

**III.    Procedural Fairness**

11.    The proposed settlement was reached after experienced Class Counsel

investigated and evaluated the claims and entered into arm's length negotiations with

Defendants.  The settlement is procedurally fair, reasonable, adequate, and not the product of

collusion. *See* Fed. R. Civ. P. 23(e); *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184

(W.D.N.Y. 2005)(citing *Joel A. v. Giuliani*, 218 F.3d 132, 138-39 (2d Cir. 2000)).

12.    Plaintiffs' counsel reviewed Defendants' payroll documents, time records and

corresponding tip sheets and private party information, policies and other relevant documents.

(Lipman Decl. ¶ 8.)  As part of Plaintiffs' counsel's investigation of the claims, current and

former employees of Defendants were also interviewed as well as members of Defendants' upper

management.  (*Id.* ¶ 8.)

13.    The parties also utilized the services of an experienced employment mediator,

Bonnie Siber Weinstock.  These arm's-length negotiations involving counsel and a mediator

well-versed in wage and hour law raise a presumption that the settlement they achieved meets

the requirements of due process. *See Wal-Mart Stores*, 396 F.3d at 116; *Clark v. Ecolab Inc.*,

No. 07 Civ. 8623 (PAC), 2010 U.S. Dist. LEXIS 47036, at *18 (S.D.N.Y. May 11, 2010).

## IV.   Substantive Fairness

14.     The settlement is substantively fair.  All of the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974) *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.

15.     The *"Grinnell* factors" are: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

16.     The first *Grinnell* factor weighs in favor of final approval as litigation through trial would be long, complex and expensive.

17.     The second *Grinnell* factor also weighs in favor of approval as the class's reaction to the settlement was positive.  There have been no objections to the Settlement by the Class and only 5 of the Class Members out of 2,209 have requested exclusion.  The lack of class member objections "may itself be taken as evidencing the fairness of a settlement." *RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94 Civ. 5587 (PKL), 2003 U.S. Dist. LEXIS 8239, at *4 (S.D.N.Y. May 15, 2003).  The Notices sent to Class Members were detailed and included information such as allocation formula as well as explanations on how to object or exclude themselves from the Settlement.  The favorable response shows that the Class favors settlement

7

and thus supports final approval. *See Khait v. Whirlpool Corporation*, No. 06 Civ. 6381 (ALC),

2010 U.S. Dist. LEXIS 4067, at *16 (S.D.N.Y. January 20, 2010)(granting final approval where

no class members objected and only two class members opted out); *Prasker*, 2010 U.S. Dist.

LEXIS 1445, at *12 (same); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, No. 04 Civ.

2295 (GEL), 2009 U.S. Dist. LEXIS 77489, at *4-6 (S.D.N.Y. July 27, 2009)(finding settlement

to be fair, reasonable, and adequate where no class members objected and only one class member

opted); *Wright v. Stern*, 553 F. Supp. 2d 337, 344-45 (S.D.N.Y. 2008) (where 13 out of 3,500

class members objected and 3 opted-out, noting that "[t]he fact that the vast majority of class

members neither objected nor opted out is a strong indication" of fairness).

18.     As the parties have completed enough discovery to recommend settlement, the

third *Grinnell* factor favors final approval. *See Gallagher v. T-Bone Rest. LLC.*, No. 09 Civ.

4214 (DAB), 2011 U.S. Dist. LEXIS 143773, at *14 (S.D.N.Y. Dec. 13, 2011)("The pertinent

question is whether counsel had an adequate appreciation of the merits of the case before

negotiating" quoting *In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516, 537 (3d Cir. 2004)).

Plaintiffs obtained sufficient discovery through interviews of plaintiffs and Defendants as well as

receiving documents requested of Defendants. (Lipman Decl. ¶¶ 6-14.) The parties also

participated in a 14-hour mediation with an experienced mediator, and advocated their positions

and engaged in vigorous back and forth regarding their respective claims and defenses. (*Id*, ¶¶

15-16.)

19.     There is risk of establishing liability and damages and so the fourth and fifth

Grinnell factors favor final approval. "Litigation inherently involves risks." *In re Painewebber*

*Ltd. P'ships Litig.*, 171 F.R.D. 104, 126 (S.D.N.Y. 1997).  One purpose of settlement is to avoid

the uncertainty and risks of trial. *See In re Ira Haupt & Co.*, 304 F. Supp. 917, 934 (S.D.N.Y.

1969). The nature of Plaintiffs' claims is fact specific, related to issues such as whether they were required to pool their tips with workers who should have not been in the tip pool and whether service charges were properly distributed. There is significant risk involved in proving both liability and damages. The settlement eliminates this uncertainty. *See deMunecas*, 2010 U.S. Dist. LEXIS 87644, *14 (finding *Grinnell* factors 4 and 5 satisfied where "the fact-intensive nature of Plaintiffs' misappropriated tip and service charge claims presents risk"). *See McMahon v. Olivier Cheng Catering and Events, LLC*, No. 08 Civ. 8713 (PGG), 2010 U.S. Dist. LEXIS 18913, at *13-14 (S.D.N.Y. March 3, 2010); *Prasker*, 2010 U.S. Dist. LEXIS 1445, at *13.

20.     As there is also risk in maintaining class status throughout trial, the sixth *Grinnell* factor also favors final approval. A motion for class certification would involve extensive briefing, as would any possible Federal Rule of Civil Procedure 23(f) appeal or any motion by Defendants to decertify. Settlement eliminates the expense, delay and risk inherent in this process.

21.     It is not clear that each individual Defendant could withstand a greater judgment or that individual or joint employer liability would be found to attach to each entity as to each Class Member. *See Castagna*, 2011 U.S. Dist. LEXIS 64218, at *20 (approving class action settlement noting that "[w]hile Plaintiffs believe [defendant] could pay the maximum potential recovery, a 'defendant's ability to withstand a greater judgment, standing alone, does not suggest that the settlement is unfair' citing *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) and quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F.Supp.2d 164, 178 n.9 (S.D.N.Y. 2000)). Further, Defendants funded the Settlement as required under the Settlement Agreement, eliminating the risk of collecting on a judgment. (Declaration of Blanca Sanchez for Simpluris, Inc. ("Sanchez Decl.") ¶ 16.) Accordingly, the seventh *Grinnell* factor

9

also favors final approval.

22.     The settlement amount represents a substantial recovery given the risks of litigation and so the eighth and ninth *Grinnell* factors also favor final approval.  There is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Frank*, 228 F.R.D. at 186 (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972).  The determination of whether a settlement is reasonable does not involve the use of a "mathematical equation yielding a particularized sum." *Id.* (quoting *In re Austrian & German Bank Holocaust Litig.*, 80 F.Supp.2d at 178).

## V.     Approval of the FLSA Settlement

23.     The Court hereby approves the FLSA settlement.

24.     The standard for approval of an FLSA settlement is significantly lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement.  *See deMunecas*, 2010 U.S. Dist. LEXIS 87644, *6.

25.     Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes as here.  *See deMunecas*, 2010 U.S. Dist. LEXIS 87644, at *6 (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).  "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *Id.* (citing *Lynn's Food Stores*, 679 F.2d at 1353-54).  "If the proposed settlement reflects a reasonable compromise over contested issues," the settlement should be approved.  *Id.*

26.     The settlement was the result of contested litigation and arm's length negotiation. (Lipman Decl. ¶¶ 15-19.)  Further, the parties engaged in a 14-hour mediation with an

10

experienced mediator in an effort to reach a resolution in a matter where the parties recognized the legal and factual issues where far from certain. (*Id.* ¶¶ 14, 16, 43-44.) As such, FLSA approval is warranted.

## VI.   Distribution of Notice

27.     The Court finds that the Notice, sent by first-class mail to each class member at his or her last known address (with re-mailing of returned Notices) pursuant to the Preliminary Approval Order, fairly and adequately advised class members of the terms of the settlement, the right to object or to opt out of the class and to appear at the Fairness Hearing conducted on February 28, 2012.

28.     Class Members were provided with the best notice practicable under the circumstances. The Court finds that the Notice and its distribution comported with all constitutional requirements, including due process.

29.     Simpluris, Inc. is also confirmed as the Settlement Administrator.

## VII.  Award of Fees and Costs to Class Counsel and Award of Service Payments

30.     The Court appointed Lipman & Plesur, LLP as Class Counsel on December 15, 2011 as they met all of the requirements of Federal Rule of Civil Procedure 23(g).  Class Counsel did substantial work in identifying and investigating the claims of Class Members and in prosecuting and settling the matter. *See Damassia*, 250 F.R.D. at 165 (Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action . . . counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action, . . . counsel's knowledge of the applicable law, and . . . the resources counsel will commit to representing the class") (internal quotation marks omitted).

31.     Moreover, Class Counsel are experienced employment lawyers who have handled

11

many wage and hour class actions.  Courts have repeatedly found Lipman & Plesur, LLP to be adequate class counsel in wage-hour class actions as set forth in paragraph "37" of the Lipman Declaration.  Class counsel's commitments to the Class and its interests have been demonstrated in the work Class Counsel have performed in this matter, including committing substantial resources to prosecuting this case.

32.     The Court hereby grants Plaintiffs' motion for Attorneys' Fees and awards Class Counsel $750,000 in attorneys' fees, which is one-third of the Gross Settlement Fund ("Fund".)

33.     The trend in this Circuit is overwhelmingly to use the percentage of the fund method in awarding attorneys' fees. *Wal-Mart Stores, Inc.*, 396 F.3d at 122 (2d Cir. 2005) ("The trend in this Circuit is toward the percentage method . . . ."); *Clark*, 2010 U.S. Dist. LEXIS 47036, at *27; *McMahon*, 2010 U.S. Dist. LEXIS 18913, at *18; *Khait*, 2010 U.S. Dist. LEXIS 4067, at *22 (same); *Westerfield v. Washington Mutual Bank*, No. 06-CV-2817, No. 08 Civ. 00287, 2009 U.S. Dist. LEXIS 94544, at *13 (E.D.N.Y. October 8, 2009)(same); *Reyes*, 2009 U.S. Dist. LEXIS 45277, at *11-12 (same); *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *16 (same); *Strougo ex rel. Brazilian Equity Fund, Inc. v. Bassini*, 258 F. Supp. 2d 254, 261- 62 (S.D.N.Y. 2003) (collecting cases adopting the percentage of the fund method); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 483-85 (S.D.N.Y. 1998) (same).

34.     Public policy also favors awarding attorneys' fees based on a common fund. *Gallagher*, 2011 U.S. Dist. LEXIS 143773, at *21.  Moreover, adequate attorneys' fee compensation is warranted where the law relies on attorneys to fill the role of a private attorney general where "relatively small claims can only be prosecuted through aggregate litigation." *Id.* at *21.  If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk. *deMunecas*, 2010 U.S. Dist. LEXIS 87644, at *20-21.

12

35.    "Plaintiffs may find it difficult to obtain representation if attorneys know their reward for accepting a contingency case is merely payment at the same rate they could obtain risk-free for hourly work, while their downside is no payment whatsoever." *In re Abrams*, 605 F.3d 238, 246 (4th Cir. 2010).  Here, Class Counsel risked time and effort and advanced costs and expenses, with no ultimate guarantee of compensation, and therefore entitled to an attorneys' fee award that exceeds their lodestar amount in this case.

36.    Class Counsel's request for one-third of the Fund is reasonable under the circumstances of this case and is "consistent with the norms of class litigation in this circuit." *Diaz*, 2010 U.S. Dist. LEXIS 139136, at *18-19 (awarding one-third of the fund in a wage and hour class action finding it "reasonable and consistent with the norms of class litigation in this circuit")(citing *Gilliam v. Addicts Rehab. Ctr. Fund*, No. 05 Civ. 3452 (RLE), 2008 U.S. Dist. LEXIS 23016, at *15 (S.D.N.Y. Mar. 24, 2008)(granting one-third of the settlement fund)).  *Also see Maley v. Del global Techs. Corp.*, 186 F. Supp. 2d 358, 370 (S.D.N.Y. 2002) (awarding 33 1/3% fee of fund valued at $11.5 million); *Cohen v. Apache Corp.*, No. 89 Civ. 0076(PNL), 1993 U.S. Dist. LEXIS 5211 (S.D.N.Y. Apr. 21, 1993)(awarding 33 1/3% of the $6.75 million fund); *Warren v. Xerox Corp.*, 2008 U.S. Dist. LEXIS 73951, at *22 (E.D.N.Y. Sept. 19, 2008) (awarding 33.33% of a $12 million settlement fund for fees and costs); *In re Milos Litigation*, 08 Civ. 6666 (LBS), 2011 U.S. Dist. LEXIS 138473, at *8 (S.D.N.Y. September 8, 2011)(awarding one-third of the total settlement amount in wage-hour class litigation, or $658,333.33); *Gallagher*, 2011 U.S. Dist. LEXIS 143773, at *13; *deMunecas*, 2010 U.S. Dist. LEXIS 87644, at *22-24 (citing cases including *Parker v. Jekyll & Hyde Entm't Holdings, LLC,*, No. 08 Civ. 7670 (BSJ), 2010 U.S. Dist. LEXIS 12762, at *2 (S.D.N.Y. Feb. 9, 2010)(awarding class counsel 33% of $745,000 fund in FLSA and NYLL restaurant case); *Clark*, 2010 U.S. Dist. LEXIS 47036,

13

(awarding class counsel 33% of $6 million settlement fund in FLSA and multi-state wage and hour case); *McMahon*, 2010 U.S. Dist. LEXIS 18913; *Khait*, 2010 U.S. Dist. LEXIS 4067; *Prasker*, 2010 U.S. Dist. LEXIS 1445; *Mohney*, 2009 U.S. Dist. LEXIS 27899 (awarding 33% of $3,265,000 fund in FLSA and NYLL tip misappropriation case); *Stefaniak v. HSBC Bank USA, N.A.*, No. 05 Civ. 720, 2008 U.S. Dist. LEXIS 53872, 2008 WL 7630102, at *3 (W.D.N.Y. June 28, 2008) *24 (awarding 33% of $2.9 million fund in FLSA and NYLL case).

37.     All of the factors in *Goldberger v. Integrated Res. Inc.*, 209 F.3d 43, 51 (2d Cir. 2000) weigh in favor of the requested fee award.

38.     When applying the percentage of the fund method, courts may still apply the lodestar method as a "cross check." *Goldberger*, 209 F.3d at 50. Such a cross check does not require a rigorous scrutiny of fee records. *Id.* at 50 ; *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 468 (S.D.N.Y. 2004) (using an "implied lodestar" for the lodestar cross check); *Varljen v. H.J. Meyers & Co.*, No. 97 Civ. 6742, 2000 U.S. Dist. LEXIS 16205, at *16 (S.D.N.Y. Nov. 8, 2000)(using an "unexamined lodestar figure" for the lodestar cross check).

39.     The Court finds the multiplier that Class Counsel seek is reasonable.  Courts regularly award multipliers from 2 to 6 times lodestar. See, e.g., *Wal-Mart Stores, Inc.*, 396 F.3d 96, 123; *Agofonova v. Nobu Corp.*, 07 Civ. 6926, at 6 (S.D.N.Y. Feb. 6, 2009) (stating that "the award of one-third the gross fund value is a 4.34 lodestar multiplier and is perfectly within the range that is acceptable"); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 590 (S.D.N.Y. 2008) ("In contingent litigation, lodestar multiples of over 4 are routinely awarded by courts[.]"); *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ, 10240 (CM), 2007 U.S. Dist. LEXIS 57918, at *56 n.7 (S.D.N.Y. July 27, 2007)("Lodestar multipliers of nearly 5 have been deemed "common" by courts in this District."); *In re Lloyd's Am. Trust Fund Litig.*, No. 96 Civ. 1262

14

(RWS), 2002 U.S. Dist. LEXIS 22663, at *79 (S.D.N.Y. Nov. 26, 2002)(a "multiplier of 2.09 is

at the lower end of the range of multipliers awarded by courts within the Second Circuit");

*Maley*, 186 F. Supp. 2d 358, 371 (the "modest multiplier of 4.65 is fair and reasonable"); *In re*

*NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 473 (S.D.N.Y. 1998 (awarding

multiplier of 3.97 times lodestar); *Rabin v. Concord Assets Group, Inc.,* No. 89 Civ. 6130 (LBS),

1991 U.S. Dist. LEXIS 18273, at *3 (S.D.N.Y. Dec. 19, 1991)(awarding multiplier of 4.4); *In re*

*RJR Nabisco, Inc. Sec. Litig.*, No. 88 Civ. 7905 (MBM), 1992 U.S. Dist. LEXIS 12702, at *15-

16 (S.D.N.Y. Aug. 24, 1992) (awarding multiplier of 6).

      40.    Class Counsel's fee award will compensate them for time and effort already

expended and for time they will spend administering the settlement going forward.  This also

supports their fee request. *Parker*, 2010 U.S. Dist. LEXIS 12762, at *7-8 (approving fee award

and noting that "as class counsel is likely to expend significant effort in the future implementing

the complex procedure agreed upon for collecting and distributing the settlement funds, the

multiplier will diminish over time").

      41.    The Court also awards Class Counsel reimbursement of costs and expenses in the

amount of $ 3,736.16.  "Attorneys may be compensated for reasonable out-of-pocket expenses

incurred and customarily charged to their clients, as long as they were 'incidental and necessary

to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F.

Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (quoting *Miltland Raleigh-Durham v. Myers*, 840 F.

Supp. 235, 239 (S.D.N.Y. 1993)) (internal quotation marks omitted).  Class Counsel's

unreimbursed expenses for mediation fees and costs were incidental and necessary to the

representation of the Class.

      42.    The attorneys' fees awarded and the costs and expenses shall be paid from the

15

Fund.

43.    The Court also finds service awards of $12,000 each for Plaintiffs to be

reasonable and such amount shall be paid from the Settlement Fund.  These service awards are

well within the range awarded by Courts in similar matters.  *Gallagher*, 2011 U.S. Dist. LEXIS

143773, at *21(awarding service awards of $45,000 and $5,000)(citing *Willix v. Healthfirst, Inc.*,

No. 07 Civ. 1143 (ENV), 2011 U.S. Dist. LEXIS 21102, at *20 (E.D.N.Y. Feb. 18, 2011)

(finding service awards in wage and hour action of $30,000, $15,000, and $7,500 to be

reasonable); *Mentor v. Imperial Parking Sys., Inc.*, No. 05 Civ. 7993 (WHP), 2010 U.S. Dist.

LEXIS 132831, at *15 (S.D.N.Y. Dec. 15, 2010) (granting $40,000 and $15,000 service awards

in wage and hour action); *Duchene v. Michael Cetta, Inc.*, No. 06 Civ. 4576 (PAC), 2009 U.S.

Dist. LEXIS 85955, at *9 (S.D.N.Y. Sept. 10, 2009) (approving service payments of $25,000 and

$10,000 in wage and hour action)); *Parker*, 2010 U.S. Dist. LEXIS 12762, at *5-6 (awarding

service payments of $5,000 to $15,000 to twelve class representatives from $745,000 fund).

44.    Service awards "are not uncommon in class action cases and are within the

discretion of the court." *Frank*, 228 F.R.D. at 187.  As class representatives can play a crucial

role in bringing justice to those who may otherwise be hidden from judicial scrutiny, such as

low-wage workers, service awards are proper here.  *See, e.g, Bowens v. Atl. Maint. Corp.*, 546 F.

Supp. 2d 55, 80 (E.D.N.Y. 2008) (citing *Yeboah v. Cent. Parking Sys.*, 12 Wage & Hour Cas. 2d

(BNA) 1834 (E.D.N.Y. 2007); *Velez v. Majik Cleaning Serv.*, No. 03 Civ. 8698, at *23

(S.D.N.Y. June 22, 2007) ("[I]n employment litigation, the plaintiff is often a former or current

employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit

of the class as a whole, undertaken the risk of adverse actions by the employer or co-

workers.")(quoting *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 200 (S.D.N.Y. 1997) (citation

16

omitted)).  Service awards also compensate class representatives for the time and effort expended

in assisting the prosecution of the litigation. *deMunecas*, 2010 U.S. Dist. LEXIS 87644, at *26;

*Parker*, 2010 U.S. Dist. LEXIS 12762, at *4-5.

**VIII.   Conclusion**

      45.     The "Effective Date" of the settlement shall be 30 days after the date of this Order

if no person appeals this Order.  If a person appeals this Order, the "Effective Date" of the

settlement shall be the day after all appeals are finally resolved.

      46.     Within 21 days after the Effective Date, the Settlement Administrator, Simpluris,

Inc., shall distribute monies from the Gross Settlement Fund by making the following payments:

      a.     Paying Class Counsel one-third of the Fund ($750,000);

      b.     Reimbursing Class Counsel for $3,736.16 in litigation costs and expenses;

      c.     Paying service awards of $12,000 to Plaintiffs;

      d.     Paying the Settlement Administrator its fees;

      e.     Paying the remainder of the Gross Settlement Fund to Class Members in

            accordance with the allocation plan described in the Settlement Agreement

            and distributing monies pursuant to the Agreement.

      47.     The Court retains jurisdiction over this action for the purposes of enforcing the

Settlement Agreement and overseeing the distribution of settlement funds.  The parties shall

abide by this Order and all terms of the Settlement Agreement, which are incorporated herein.

It is so ORDERED this **28**th day of **February** , 2012

                    *Deborah A. Batts*

                    Honorable Deborah A. Batts
                    United States District Judge